JANE M. FLYNN, ESQ. (SBN 167466)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4643
Facsimile: (901) 492-5641
Email: jane.flynn@fedex.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRION WRIGHT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION; and DOES 1 through 25,<br><br>　　　　Defendants. | Case No. _____<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION and 28 U.S.C. §§ 1332, 1441 & 1446**<br><br>[DIVERSITY JURSIDICTION]<br><br>Complaint Filed: September 21, 2021<br>Trial Date: Not yet scheduled |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

　　　　PLEASE TAKE NOTICE that FEDERAL EXPRESS CORPORATION removes this action from the San Bernardino County Superior Court of the State of California to the United States District Court for the Central District of California on the following grounds:

## **INTRODUCTION**

　　　　1.　　This Court has diversity jurisdiction over this action. It is a controversy between citizens of different states and therefore satisfies diversity of citizenship requirements as contemplated by Article III, Section Two of the United States

1549719　　　　　　　　　　　　　　1
PETITION AND NOTICE OF REMOVAL

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

Constitution and 28 U.S.C. §§1332 and 1441(b). The Complaint contemplates in excess of $75,000 in controversy, and thereby meets the amount in controversy requirement for diversity jurisdiction. Defendant timely filed its notice of removal.

## THE STATE COURT ACTION

2. On or about September 21, 2021, Plaintiff filed an action entitled "DARRION WRIGHT, Plaintiff vs. Federal Express Corporation, and DOES 1 through 25, Defendants" in San Bernardino County Superior Court, Case Number CIV SB 2127527 (the "Complaint" or "State Court Action"). A true and correct copy of the Complaint is attached as Exhibit "A" hereto. A true and correct copy of the Civil Cover Sheet is attached as Exhibit "B" hereto. A true and correct copy of the Certificate of Assignment is attached as Exhibit "C" hereto. A true and correct copy of the Summons is attached as Exhibit "D" hereto. A true and correct copy of the Notice of Hearing is attached as Exhibit "E" hereto.

3. On December 10, 2021, Federal Express Corporation filed its Answer to the Unverified Complaint with the San Bernardino County Superior Court. A true and correct copy of the Answer is attached hereto as Exhibit "F."

4. Exhibits "A" to "F" constitute the pleadings, process and orders issued by the court, served upon or by FedEx in the State Court Action.

5. In his Complaint, Plaintiff alleged the following causes of action: (1) Wrongful Termination (Retaliation) in Violation of Public Policy; (2) Violation of Labor Code section 1102.5; and (3) Violation of California Labor Code section 6310. (Exh. A, Complaint generally). In his Complaint, Plaintiff seeks recovery of severe emotional distress, substantial losses in earnings, employment benefits; he also seeks interest on his damages, punitive damages, and reasonable attorney's fees and costs of suit. (Exh. A, Complaint at ¶¶ 10, 11, 15, 16, 20, 21, and prayer for relief).

## DIVERSITY EXISTS BETWEEN PLAINTIFF AND FEDEX

6. Plaintiff is a citizen of the United States of America and of California. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1549719
2
PETITION AND NOTICE OF REMOVAL

1  of a state, a natural person must first be a citizen of the United States.")).

2  7. According to Plaintiff's application for employment with Federal Express Corporation, Plaintiff lived in Upland, California, and he has lived in California since 2003. (Declaration of Sara Wilhoit ("Wilhoit Decl."), at ¶ 4 and Exhibit G, at page one). Plaintiff's application for employment stated he had worked for Tyson Foods in California from August 2018 to December 2019. (*Id.*). According to Defendant's employment records, on February 5, 2020, Defendant hired Plaintiff to work for Defendant in California. (Wilhoit Decl., at ¶ 5, Exhibit H, at page one).

8. In his Complaint, Plaintiff alleges he was a resident of San Bernardino County, State of California and worked for Defendant in San Bernardino County. (Exh. A, Complaint at ¶ 1). Plaintiff continues to maintain his residence in the County of Los Angeles, California and so resided when he filed the Complaint. *Id.*

9. Plaintiff is a citizen of California and is domiciled in California. (*Kanter,* 265 F.3d at 857 ("The natural person's state citizenship is then determined by his state of domicile, not his state of residence. A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return.")).

10. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[w]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.")).

11. Federal Express Corporation was incorporated in Delaware in 1971, and its headquarters and principal place of business have been in Memphis, Tennessee since its incorporation. (Eslami Decl., at ¶ 3).

12. The majority of Federal Express Corporation's high-level officers, including their respective Chief Executive Officers, Chief Financial Officers, General Counsels and Chief Human Resources Officers, work at its Memphis headquarters. (Eslami Decl., at ¶ 3). These high-level officers direct, control, and coordinate the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

corporation's activities from their Memphis headquarters. (Eslami Decl., at ¶ 3).

13. Federal Express Corporation is, and was when the Complaint was filed, a citizen of the States of Delaware and Tennessee.

14. Federal Express Corporation is a wholly owned subsidiary of FedEx Corporation. (Eslami Decl., at ¶ 3).

15. FedEx Corporation is incorporated in the State of Delaware. Its headquarters and principal place of business are in Memphis, TN. (Eslami Decl., at ¶ 2). The majority of FedEx Corporation's high-level officers work at the Memphis headquarters. (Eslami Decl., at ¶ 2). These high-level officers direct, control, and coordinate the corporation's activities from their Memphis headquarters. (Eslami Decl., at ¶ 2).

16. "Doe" Defendants named but not served are not joined in this Notice of Removal. (*Savelson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982)).

## THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

17. In an action by a single Plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. (*Bank of Cal. v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972)). Counsel's testimony itemizing the bases for a plaintiff's damages claims has been held sufficient to establish the jurisdictional minimum for diversity jurisdiction. (*Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160-161 (6th Cir. 1993)).

18. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of his claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "Plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1549719

4

PETITION AND NOTICE OF REMOVAL

not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated")). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)).

19. The amount in controversy may include general and special compensatory damages and attorney's fees recoverable by statute. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).

20. Plaintiff alleges retaliation under California Labor Code section 1102.5. Labor Code section 1102.5(f) provides for a $10,000 penalty per alleged violation of section 1102.5. Plaintiff necessarily alleges at least one violation of Labor Code section 1102.5.

21. In his Complaint, Plaintiff alleges severe emotional distress, substantial losses in earnings, interest on his damages, punitive damages, and reasonable attorney's fees. (Exh. A, Complaint at ¶¶ 10, 11, 15, 16, 20, 21, and prayer for relief). The Complaint thus contemplates an amount in controversy over $75,000.00, exclusive of interest and costs.

22. As of April 4, 2021, Defendant employed Plaintiff on a full-time basis, 40 hours per week, and paid Plaintiff $21.70 per hour. (Wilhoit Decl., at ¶ 5, Exhibit H, at page 2 and page 7). This equates to a weekly rate of $868. Plaintiff alleges Defendant wrongfully terminated Plaintiff's employment on or about June 11, 2021 for complaining about safety issues and failure to pay his wages. (Complaint ¶ 9). To date, Plaintiff's lost wages are $22,568 (26 weeks of unemployment multiplied by the $868 weekly rate of pay).

23. Plaintiff alleges he "suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress." (Complaint ¶ 10). Plaintiff seeks recovery of emotional distress damages. (Exh. A, Complaint at ¶¶ 10, 11, 15, 16, 20, 21, and prayer for relief).

1549719
FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
5
PETITION AND NOTICE OF REMOVAL

24. Plaintiffs who prevail in retaliation claims often recover large emotional distress damage awards.

25. In 2017, in *Allen Timothy Yu v. Grifols Biologicals, Inc., and Does 1 through 10* (2017 Jury Verdicts LEXIS 15156, BC620910), a former employee sued for retaliation in violation of Labor Code section 1102.5. Yu alleged he saw fraudulent activity in the workplace, complained to his manager, and was terminated as a result. The jury awarded Yu $285,785 in emotional distress damages.

26. In 2018, in *Christopher Trimble v. Fullerton Joint Union High School District* (2018 Jury Verdicts LEXIS 37662, 30-2017-00912903-CU-WT-CJC), Trimble sued for whistleblower retaliation and wrongful termination under Labor Code section 1102.5. Trimble complained about the school district targeting students who applied for subsidies and claimed the school district fired him as a result. The jury awarded Trimble $520,284 in emotional distress damages.

27. In 2019, in *David Lillie v. Mantech International Corp.; and Does 1-20* (2019 Jury Verdicts LEXIS 7402 2:17-CV-02538-CAS-SS), Lillie sued for retaliation and wrongful termination under Labor Code section 1102.5. Lillie told his employer about unauthorized access to classified information by a U.S. defense contractor, and he claimed he was terminated as a result. The jury awarded Lillie $643,750 in emotional distress damages.

28. In 2018, in *Loveless v. Kaiser Foundation Health Plan, Inc*. (2018 Jury Verdict Alert LEXIS 113 BC564550), Loveless alleged retaliation in violation of Labor Code section 1102.5 and claimed Kaiser terminated Lillie due to her attempts to improve the EEO investigations department, get pay equity and objection to ageist comments. The jury awarded Loveless $197,591 in emotional distress damages.

29. Plaintiff seeks recovery of his attorney's fees. (Exh. A, Complaint, prayer for relief). Effective January 1, 2021, plaintiffs can recovery attorney's fees if they prevail on a whistleblower claim under Labor Code section 1102.5 (Cal. Lab. Code § 1102.5(j)).

1549719
6
PETITION AND NOTICE OF REMOVAL
FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

30. The Court may take judicial notice of attorney's fee awards in similar cases. Cases in the Ninth Circuit firmly establish that statutory attorney's fees will be included as a basis for determining the jurisdictional amount in controversy. (*See Galt G/S,* 142 F. 3d at 1155-56). Attorney's fees are calculable beyond the time of removal. (*Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1035 (N.D.Cal. 2002)).

31. In 2013, the Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in attorneys' fees on a claim for wrongful termination. (*Angel v. Sutter Health et al*, case number 2009-00055279). Similarly, in 2012 the Orange County Superior Court awarded a single plaintiff $295,535.50 in attorney's fees on a claim for discrimination and failure to accommodate. (*Vargas v. City of Long Beach*, case number 30-2009-00126342).

32. Defense counsel has nearly 30 years of experience litigating employment claims. In her opinion, if this case proceeds to trial, the attorney's fee exposure alone exceeds $75,000. (Declaration of Jane M. Flynn at ¶¶ 1-4).

33. Plaintiff alleges as a result of his protected activity, Federal Express Corporation retaliated against Plaintiff, terminated his employment, and acted "intentionally, willfully, maliciously, and oppressively," entitling Plaintiff to recover punitive damages. (Complaint ¶ 11).

34. Punitive damages are also included in calculating the amount in controversy. (*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994)).

35. Although Defendant vigorously denies Plaintiff's allegations, if he prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." (*Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D.Cal. 2013)).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1549719
7
PETITION AND NOTICE OF REMOVAL

36. The potential punitive damage award against a defendant such as Federal Express Corporation alone may satisfy the amount in controversy requirement. In *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that [b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct "the plaintiff's claim for punitive damages" might alone exceed the jurisdictional minimum. (*Aucina*, 871 F. Supp. at 334).

37. Removal of the case to federal court under Article III of the United States Constitution is available to Defendant because this is a civil action between citizens of different states and the amount in controversy, based upon Plaintiff's claims and verdicts in similar cases, exceeds $75,000.00, exclusive of interest and costs.

## REMOVAL IS TIMELY

38. The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3).

39. Plaintiff served the Complaint on Federal Express Corporation's agent for service of process, CT Corp, on November 15, 2021. Pursuant to 28 U.S.C. § 1446(b) (3), this case is being removed within thirty days of service of documents from which it could first be ascertained this case was removable. (Flynn Decl., at ¶ 5 and Exhibit "I").

## CONCLUSION

40. Because this civil action is between citizens of different states and the matter in controversy is claimed to be over $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over it, and FedEx may remove the action to this Court under Article III of the United States Constitution and 28 U.S.C. §§1332 and 1441(b). FedEx respectfully requests this Court exercise its removal jurisdiction over

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1549719

8

PETITION AND NOTICE OF REMOVAL

this action.

DATED: December 15, 2021        Respectfully submitted,

*/s/ Jane M. Flynn*
By: Jane M. Flynn
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**CERTIFICATE OF SERVICE**
**Darrion Wright v. Federal Express Corporation**
Case No.

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On December 15, 2021, I served the within document(s): **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION and 28 U.S.C. §§ 1332, 1441 & 1446**

| | |
|---|---|
| ☐ | By transmitting electronically document(s) listed above to the email address(es) listed below. |
| ☑ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the Plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Michael A. Gould, Esq.
Aarin A. Zelf, Esq.
**THE GOULD LAW FIRM**
A Professional Law Firm
161 Fashion Lane, Suite 207
Tustin, California 92780
Tel: (714) 669-2850
Facsimile: (714) 544-0800
Michael@wageandhourlaw.com
Aarin@wageandhourlaw.com
Attorneys for Plaintiff, Darrion Wright

☑   *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 15, 2021, at Irvine, California.

*/s/ Michele Wilson*
_____
Michele Wilson

1549719

10
PETITION AND NOTICE OF REMOVAL